UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DAVID GOULDING,

                Plaintiff,

                                                                     **COMPLAINT**

  -against-

MICHAEL BORRUTO GENERAL CONTRACTOR,
INC. and MICHAEL BORRUTO,

                Defendants.
-------------------------------------------------------------------X

      Plaintiff, DAVID GOULDING ("Plaintiff"), by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, MICHAEL BORRUTO GENERAL CONTRACTOR, INC. and MICHAEL BORRUTO (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.     Defendant, MICHAEL BORRUTO GENERAL CONTRACTOR, INC., and its principal, Defendant, MICHAEL BORRUTO, failed to pay Plaintiff premium overtime wages for hours that he worked in excess of forty (40) hours per workweek in violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

3.     In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

5. Defendants do business in the State of New York, within the Eastern District of New York, and maintain a place of business at 1755 Julia Goldbach Avenue, Ronkonkoma, New York 11779.

**PARTIES**

6. At all times relevant to the complaint, Plaintiff was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

7. Defendant, MICHAEL BORRUTO GENERAL CONTRACTOR, INC., was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York and is owned by the Defendant, MICHAEL BORRUTO ("OAKLAND") (collectively "Defendants").

8. At all relevant times, Defendant, MICHAEL BORRUTO GENERAL CONTRACTOR, INC., was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

9. At all times relevant, the Defendant, MICHAEL BORRUTO GENERAL CONTRACTOR, INC., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

10. Defendant, MICHAEL BORRUTO, is and/or was an officer or owner of the corporate defendant, had authority to make payroll and personnel decisions for the corporate defendant, was active in the day to day management of the corporate defendant, including the

payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law.

## FACTS

11. Defendants are engaged in the construction contracting industry.

12. Plaintiff was an hourly-paid, non-exempt employee of Defendants from in or about 2016 until in or about April 2, 2020.

13. Plaintiff regularly worked more than 40 hours each workweek but was not paid overtime pay at the rate of one and one-half times his regular rate of pay. Instead, Defendants compensated Plaintiff at his regular "straight-time" rate of pay for all hours worked, including those hours worked after 40 hours per workweek.

14. By way of example only, on February 13, 2020, Defendants paid Plaintiff at total of $1,680 for 48 hours. Defendants compensated Plaintiff for all 48 hours worked at his regular rate of $35 per hour.

15. Defendants failed to pay Plaintiff a premium for time worked in excess of forty (40) hours per week.

16. Defendants willfully failed to pay Plaintiff proper compensation in violation of the FLSA and NYLL Article 6, 190 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

17. Defendants failed to provide Plaintiff upon hire with an accurate notice of Plaintiff's correct regular rate of pay, overtime rate of pay and other information required by New York Labor Law § 195(1).

18. Defendants failed to provide Plaintiff with an accurate statement of his wages earned, including his correct hourly rates of pay and their amount of regular, prevailing wage rate, and overtime hours worked, each pay period as required by New York Labor Law § 195(3).

### FIRST CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

19. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

20. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

21. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional and, therefore, a 3-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

22. As a result of Defendants' unlawful acts, Plaintiff is entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

23. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

24. Defendants employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate the Plaintiff for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law,

Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

25. Defendants' violations of the New York Labor Law as described in this Complaint have been willful and intentional.

26. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### NYLL WAGE NOTICE VIOLATION

27. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

28. Defendants failed to provide Plaintiff with written notice upon hire that accurately set forth Plaintiff's regular rate of pay, overtime rate of pay and other information required by New York Labor Law § 195(1).

29. Due to Defendants' failure to provide Plaintiff with an accurate wage notice as required by Labor Law § 195(1), Plaintiff is entitled to statutory damages in the amount of $5,000.00 pursuant to Labor Law Section 198(1-a).

### FOURTH CLAIM FOR RELIEF
### NYLL WAGE STATEMENT VIOLATION

30. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

31. Defendants failed to provide Plaintiff with accurate statements of his wages earned, including his correct hourly rates of pay and amount of regular, prevailing wage rate, and overtime hours worked, each pay period as required by New York Labor Law § 195(3).

5

32. Due to Defendants' failure to provide Plaintiff with an accurate wage statement with his wages as required by Labor Law § 195(3), Plaintiff is entitled to statutory damages in the amount of $5,000.00 pursuant to Labor Law Section 198(1-a).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

(ii) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

(iii) Liquidated damages;

(iv) Damages pursuant to Labor Law § 198(1-a);

(v) Pre- and post-judgment interest as permitted by law;

(vi) All attorneys' fees and costs incurred in prosecuting these claims; and

(vii) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
       June 22, 2020

                                                   LAW OFFICE OF PETER A. ROMERO PLLC

                                                   */s/ Peter A. Romero*

By: _____
                            Peter A. Romero, Esq.
                            825 Veterans Highway
                            Hauppauge, NY 11788
                            (631) 257-5588
                            Promero@RomeroLawNY.com

                            *Attorney for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against General Contracting Inc., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____    5/27/2020
David Goulding                    Date